facts stated to him by the respondents, and obtained by a personal inspection of the books and papers of the corporation, a large part of which are set out in the moving papers, in his opinion the respondents have a good cause of action against the defendants for "an accounting, but the exact limits of the obligation of the defendants cannot be ascertained without an examination of some of them, and the plaintiffs cannot frame their complaint with definiteness and certainty unless they are permitted to examine" the three defendants. In other words, the respondents are cognizant of what took place prior to the issue of the stock by the corporation to the defendant Eicks, and of the circumstances under which the same was issued. Their theory is that on the facts existing at that time, which are fully known to them, it is the duty of Eicks and the other defendants into whose hands the stock passed to account to the corporation for such part thereof as was not used in the purchase of the malt houses, or needed for raising the $2,000,000 which was paid over to the corporation as a working capital. They are in a position, therefore, to frame a complaint in equity for an accounting. They are not required to allege with definiteness or certainty what the accounting will show. So far as the requirements of the Code and practice in that regard are concerned, it will be sufficient to allege that the appellants have received to their own use and benefit some of the stock, which it was their duty to return to the corporation. The rule still obtains that an examination may not be had before issue joined, unless it be satisfactorily shown that it is necessary to enable the plaintiff to frame his complaint. St. John v. Buckley, 39 App. Div. 629, 56 N. Y. Supp. 635; Merritt v. Williamson, 27 App. Div. 121, 50 N. Y. Supp. 113; Clark v. Ennis, 65 App. Div. 164, 612, 72 N. Y. Supp. 581; Shidlovsky v. Levy, 7 App. Div. 611, 39 N. Y. Supp. 1132; Bloodgood v. Slayback, 54 App. Div. 634, 66 N. Y. Supp. 610.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

(74 App. Div. 52.)

### HOCK v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. June 19, 1902.)

STREET RAILROADS—INJURY TO PERSON ON TRACK—INSTRUCTIONS—UNEXPECTED PERIL.

> Where, in an action against a street railroad company for the killing of a person crossing its track, the court instructed that, if deceased "were suddenly placed in a situation of unexpected peril, the jury were at liberty to say that he need not have exercised the same nice discrimination as if he were not in such peril," though defendant was entitled to an instruction, if it had asked it, that the motorman was not called upon any more than deceased to exercise the same discrimination as though no danger had unexpectedly arisen, an instruction that, if the jury found that both deceased and the motorman were in the same position of unexpected peril, they must find for defendant, was properly refused.

Appeal from trial term, Kings county.

Action by Annie Hock, administratrix, against the New York & Queens County Railway Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William E. Stewart, for appellant.

James C. Cropsey (F. W. Catlin, on the brief), for respondent.

WILLARD BARTLETT, J. This is a negligence suit, brought by the administratrix of a contractor. He was 33 years of age, left a widow and four infant children, and had contributed $20 a week for the food and clothing of his family, in addition to the rent. He was run over by an east-bound trolley car of the defendant, just after he had passed in front of a west-bound car, the speed of which was slackened in order to allow him to cross. The proof in behalf of the plaintiff justified the jury in finding that the accident happened on the crosswalk, although there was evidence in behalf of the defendant to the effect that it occurred at some distance from the crosswalk. The record discloses no ground for interfering with the verdict. Negligence may well be predicated of the speed at which the plaintiff's testimony shows the car was run as it approached the crosswalk where the deceased is said to have been struck. The question of contributory negligence was clearly one for the jury under all the recent authorities, and the verdict cannot be regarded as so clearly excessive as to warrant reversal on that ground. I have carefully examined all of the exceptions, and find none which is tenable. Only one seems to require special mention. The plaintiff asked the court to charge that, if the deceased "were suddenly placed in a situation of unexpected peril, the jury are at liberty to say that he need not exercise the same nice discrimination as if he were not in the peril." To this request the court responded, "Certainly," whereupon the defendant's counsel requested the judge to charge "that, if they arrive at the conclusion that both of them were in that position, they must find for the defendant." In answer to this request the court said: "No. They must examine the conduct of these two men upon the principles I have given them, but always with reference to the situation in which they found themselves." It was not error to refuse to charge that, if the jury found both the plaintiff's intestate and the motorman in a position of peril, they must find for the defendant, although the judge would have been bound to charge, if asked to do so, that under such circumstances the motorman would not be called upon, any more than the plaintiff's intestate, to exercise the same nice discrimination as though no danger had unexpectedly become manifest. I recommend affirmance of the judgment and order.

Judgment and order unanimously affirmed, with costs. All concur except GOODRICH, P. J., who thinks the verdict excessive.